*Green Mountain Carshare, Inc. v. Dep't of Motor Vehicles*, No. 82-1-14 Cncv (Toor, J., Mar. 16, 2015).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

VERMONT SUPERIOR COURT
CHITTENDEN UNIT
CIVIL DIVISION

| | |
|---|---|
| GREEN MOUNTAIN CARSHARE, INC.<br> Plaintiff<br><br>v.<br><br><br>DEPARTMENT OF MOTOR VEHICLES<br> Defendants | Docket No. 82-1-14 Cncv |

RULING ON APPEAL

This is an appeal from a decision by the Commissioner of Motor Vehicles concerning a tax on rental cars. Plaintiff Green Mountain CarShare (CarShare) argues that as a non-profit it is exempt from the tax. Defendant Department of Motor Vehicles (DMV) disagrees. W. Andrew MacIlwaine, Esq. represents CarShare; Danforth Cardozo III, Esq. represents DMV.[1]

Discussion

The statute at issue is 32 V.S.A. § 8903(d). It creates a "use tax on the rental charge of each transaction, in which the renter takes possession of the vehicle in this State, during the life of a pleasure car purchased for use in short-term rentals, which tax is to be collected by the rental company from the renter and remitted to the Commissioner [of Motor Vehicles]." The same statute also creates a tax "upon the purchase in Vermont of a motor vehicle by a resident" of the State. Id. § 8903(a)(1). The statute also contains exemptions from these taxes. One such exemption is as follows: "The tax imposed by this chapter shall not apply to . . . [m]otor vehicles

---

[1] The court apologizes for the delay in ruling on this case. The file, although ready for review in October, was misplaced and did not make its way to the undersigned until last week.

owned or leased by religious or charitable institutions or volunteer fire companies." 32 V.S.A. § 8911(3).[2]

CarShare is a nonprofit that offers car-sharing services to its members. Its members pay a fee to join, and then are able to use the fuel-efficient cars it owns. The eleven cars are parked around Burlington and can be reserved by phone or on-line. Members access the cars with an electronic key. They pay by the hour and mile, and the rates include fuel and insurance. CarShare describes its charitable mission as twofold: to reduce car dependence and to improve mobility options for Vermonters.

CarShare sought an opinion from DMV that it is exempt from the tax at issue. DMV agrees that CarShare is exempt from the sales tax on the cars it purchases, but ruled that it is not exempt from collecting the tax on the renting of its cars. This appeal followed. CarShare takes the position that the statute flatly exempts it from both taxes. DMV takes the position that CarShare is a rental company like any other, and that the "fact that CarShare VT is exempt from paying the tax does not extend to its customers." Commissioner's Ruling, Appeal, Ex. A. in essence, DMV argues that the mention of ownership relates only to the tax on purchases, not the tax on rentals.

"When construing tax exemptions, we are reminded that exemptions are the exception to the rule and not favored. The burden is on the person claiming the benefit of the exemption, and the exemption statute must be strictly construed against that person." Brownington Center Church of Brownington, Vermont, Inc. v. Town of Irasburg, 2013 VT 99, ¶ 9, 195 Vt. 196. Here, the taxpayer has met that burden. The language of the statute is unambiguous: it says the taxes imposed by the statute do not apply to cars "owned by" non-profits. The cars being used here are owned by CarShare. CarShare is a non-profit.

---

[2] Although the exemption refers to "the" tax, the statute actually imposes more than one tax.

The interpretation DMV argues for is based upon interpreting the phrase "leased by" and ignoring the phrase "owned by," construing one as applying to one tax and one as applying to another tax. However, nothing in the language of the statute supports such a two-pronged analysis.[3]

<u>Order</u>

The court reverses the Commissioner's ruling. The cars owned by CarShare are exempt from the tax on rental vehicles in 32 V.S.A. § 8903(c).

Dated at Burlington this 16th day of March, 2015.

_____
Helen M. Toor
Superior Court Judge

---

[3] Although analysis of the term "leased by" is unnecessary given this ruling, the court notes that its meaning is less than crystal clear here. "Leased by" can mean leased by a car owner to others, or leased by a driver from a car owner, or both.